## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 17 2017, 6:08 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Eaphram Lincey, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | April 17, 2017 <br><br> Court of Appeals Case No. <br> 49A05-1609-CR-2185 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable David Seiter, Judge Pro Tempore <br><br> Trial Court Cause No. <br> 49G10-1507-CM-26403 |

**Vaidik, Chief Judge.**

# Case Summary

[1] Following a traffic stop, Eaphram Lincey was convicted of driving while suspended and possession of marijuana. He now appeals, arguing that the police officer did not have reasonable suspicion to stop him. Because the officer testified that Lincey did not stop at a stop light and a stop sign—both infractions—the trial court did not err in finding that reasonable suspicion existed for the traffic stop. We therefore affirm.

# Facts and Procedural History

[2] Just after midnight on July 26, 2015, Indianapolis Police Department Officer David Wisneski was patrolling the northside near 38th Street and Arlington Avenue when he encountered Lincey operating a motorcycle with a female passenger. The motorcycle was "wobbling" and traveling unusually slow, so Officer Wisneski decided to slow down and see if there was a problem. Tr. Vol. II pp. 7, 44. When Lincey made a right turn at a red light without first coming to a stop, Officer Wisneski decided to follow Lincey. *Id.* at 8. Officer Wisneski then saw Lincey make a left turn at a stop sign without coming to a stop or putting his foot down. *Id.* at 9, 48, 55-56. At this point, Officer Wisneski decided to initiate a traffic stop. During the traffic stop, Officer Wisneski learned that Lincey's license was suspended. Officer Wisneski also smelled the odor of alcohol coming from Lincey. Officer Wisneski informed Lincey of Indiana's implied-consent law, and Lincey agreed to take a certified breath test at the station. Before Lincey was transported, he was searched incident to his

arrest for driving while suspended. During that search, marijuana was found in his pants pocket. He was then taken to the station, where a warrant had to be obtained for a blood draw.

[3] Thereafter, the State charged Lincey with Count I: Class A misdemeanor operating while intoxicated endangering a person; Count II: Class A misdemeanor driving while suspended; Count III: Class B misdemeanor possession of marijuana; and Count IV operating a vehicle with an alcohol concentration equivalent (ACE) to at least .08. Before trial, Lincey moved to suppress the evidence against him, arguing that the officer did not have reasonable suspicion to stop him. After a hearing at which Officer Wisneski testified, the trial court denied the motion. A bench trial was then held. Lincey renewed his motion to suppress during trial, and Officer Wisneski, Lincey, and the female passenger testified during the in-trial suppression hearing. The trial court again denied the motion. The court acknowledged that there was conflicting testimony regarding whether Lincey stopped at both the stop light and the stop sign; however, the court believed Officer Wisneski and found that the traffic stop was valid. Trial resumed, and the trial court acquitted Lincey of operating while intoxicated and operating with an ACE of at least .08[1] but found him guilty of driving while suspended and possession of marijuana.

_____

[1] The trial court acquitted Lincey of operating with an ACE of at least .08 because the blood draw was done "outside the three (3) hour window." Tr. p. 116. And the trial court acquitted Lincey of operating while intoxicated because the State failed to prove beyond a reasonable doubt that Lincey was intoxicated. The

[4]     Lincey now appeals.

# Discussion and Decision

[5]     Lincey contends that Officer Wisneski did not have reasonable suspicion to stop him and therefore the trial court erred in admitting evidence stemming from the stop. The Fourth Amendment protects citizens from unreasonable searches and seizures. U.S. Const. amend IV. Our jurisprudence reflects two types of police encounters that implicate Fourth Amendment protection: investigatory stops and custodial arrests. *State v. Keck*, 4 N.E.3d 1180, 1184 (Ind. 2014). An investigatory stop is generally brief in duration and is constitutionally permissible so long as the officer "has a reasonable suspicion supported by articulable facts that criminal activity may be afoot." *Id.* (quotations omitted). If an officer observes a driver commit a traffic violation, he has probable cause—and thus also the lesser included reasonable suspicion— to stop that driver. *Id.*

[6]     Lincey acknowledges that Officer Wisneski stopped him based on the officer's belief that Lincey "committed two traffic infractions by not coming to a stop at a stop light and a stop sign." Appellant's Br. p. 11. And Lincey does not dispute that failing to stop at a stop light and a stop sign are infractions. However, Lincey argues that the officer's belief was "mistaken[]" and asks us to

court explained that although Lincey was wobbling and driving slowly, there was evidence of potholes in the road.

credit his own suppression-hearing testimony. *Id.* Lincey testified at the second suppression hearing that he in fact stopped at both the red light and the stop sign, but Officer Wisneski testified otherwise. The trial court believed Officer Wisneski. In reviewing a trial court's reasonable-suspicion determination, we do not reweigh the evidence and consider conflicting evidence most favorably to the trial court. *See Finger v. State*, 799 N.E.2d 528, 533 (Ind. 2003) ("The reasonable suspicion inquiry is highly fact-sensitive and is reviewed under a sufficiency of the evidence standard. Like any matter of sufficiency of the evidence, the record must disclose substantial evidence of probative value that supports the trial court's decision. We do not reweigh the evidence and we consider conflicting evidence most favorably to the trial court's ruling." (quotation omitted)). Because Officer Wisneski testified that Lincey did not stop at a stop light and a stop sign, thus committing two traffic infractions, the trial court did not err in finding that reasonable suspicion existed for the traffic stop.[2] We therefore affirm the trial court's admission of evidence stemming from that stop.

[7] Affirmed.

Bailey, J., and Robb, J., concur.

---

[2] Lincey also challenges the traffic stop under Article 1, Section 11 of the Indiana Constitution. Although the standards are different, his argument is the same: the trial court should have believed his testimony instead of the officer's testimony.